**ROBERT H. REXRODE, III**
California State Bar No. 230024
427 C Street, Suite 300
San Diego, California 92101
Telephone: (619) 233-3169, Ext. 13
Facsimile: (619) 684-3553
robert_rexrode@rexrodelawoffices.com

Attorneys for Mr. Milton Morales (charged as Neri Carrasco)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE M. JAMES LORENZ**)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MILTON MORALES,<br>charged as **NERI CARRASCO**,<br><br>Defendant.<br>___________________________________ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 07cr3007-L<br><br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS. |

## I.

## PROCEDURAL HISTORY

On January 14, 2008, Mr. Morales appeared before this Court for a motion hearing. At that date, the Court set Mr. Morales's case for trial on March 11, 2008, and set a motions in limine date for March 10, 2008. The Court also deferred ruling on Mr. Morales's substantive motions until the March 10 motions in limine date.

## II.

## FACTUAL HISTORY[1]

On August 27, 2007, Mr. Morales sought entry into the United States at the San Ysidro Port of Entry. In doing so, Mr. Morales presented his United States passport, in the

[1]The following facts are based on information provided by the government. Mr. Morales does not admit their accuracy and reserves the right to challenge them.

name of Milton Morales. Believing Mr. Morales to be a Mexican national, with the name Neri Carrasco, agents arrested Mr. Morales. On November 1, 2007, the government indicted Mr. Morales on one count of passport fraud, in violation of 18 U.S.C. § 1542, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A.

In its entirety, Count One of the Indictment reads:

> On or about August 28, 2007, within the Southern District of California, defendant NERI ISIDRO CARRASCO, did wilfully and knowingly use passport No. 026444665, issued under the authority of the United States, the issuance of which was secured by reason of a false statement made in application therefore which falsely stated that NERI ISIDRO CARRASCO was "Milton Morales," a United States citizen born in Puerto Rico on August 19, 1954, which said passport the defendant used to gain entry into the United States at the San Ysidro Port of Entry; in violation of Title 18, United States Code, Section 1542.

## III.

## MOTION TO DISMISS COUNT ONE AS DUPLICITOUS

### 1. Governing Law

The government may not charge two separate crimes in a single count of an indictment. *United States v. Aguilar*, 756 F.2d 1418, 1420 (9th Cir. 1985). It may not do so even if those separate crimes are contained in the same statute. *See id.*

> Charging two offenses in one count of an indictment is contrary to Rule 8(a) of the Federal Rules of Criminal Procedure, which provides that an indictment contain a separate count for each offense. The joining in a single count of two or more distinct offenses is termed 'duplicity.' The vices of duplicity arise from breaches of the defendant's Sixth Amendment right to knowledge of the charges against him, since conviction on a duplicitous count could be obtained without a unanimous verdict as to each of the offenses contained in the count. A duplicitous indictment also could eviscerate the defendant's Fifth Amendment protection against double jeopardy, because of a lack of clarity concerning the offense for which he is charged or convicted.

*Id.* (internal quotation marks and citations omitted).

Combining offenses in one count creates several problems:

> (1) The jury in a general verdict cannot make a finding on each offense; (2) A defendant may not have proper notice of the charges against him; (3) It may be difficult if not impossible to make correct evidentiary rulings; (4) A jury may convict a defendant without unanimously agreeing on the same offense; (5) A defendant may be prejudiced in a subsequent double jeopardy defense; (6) A defendant may be prejudiced at sentencing; and (7) A defendant may face limited review on appeal.

*United States v. Gray*, 101 F. Supp. 2d 580, 583 (E.D. Tenn. 2000); *see also United States v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir. 1976).

**2. Count One Is Duplicitous Because It Charges The Separate Offenses Of Making a False Statement in Connection With Acquiring a Passport and the Use of a Passport Secured by Fraud**

In Count One of the Indictment, the government has charged Mr. Morales with a violation of 18 U.S.C. § 1542, colloquially known as passport fraud. Specifically, the government has alleged in Count One that Mr. Morales "wilfully and knowingly use[d] passport No. 026444665, issued under the authority of the United States, the issuance of which was secured by reason of a false statement made in application therefore[.]" This states two separate crimes under section 1542. Count One is thus duplicitous.

Section 1542 contains two separate crimes. The first, contained in the initial paragraph of the statute, criminalizes the making of a "false statement in an application for" a passport. 18 U.S.C. § 1542. The second crime, contained in the statute's second paragraph, criminalizes the "use[] or attempt[ed] use[]" of a fraudulently obtained passport. As the Ninth Circuit has explained,

> under the terms of 18 U.S.C. § 1542, the government must prove that the defendant made a willful and knowing false statement in an application for a passport *or* made a willful and knowing use of a passport secured by a false statement.

*United States v. Suarez-Rosario*, 237 F.3d 1164, 1167 (9th Cir. 2001) (emphasis added); *see also United States v. Caceres-Prado*, 601 F. Supp. 468, 470-71 (D. P.R. 1985). As section 1542 contains two separate offense, and the government has inexplicitly chosen to charge both in a Count One of the Indictment, Count One is duplicitous. It should thus be dismissed.

**3. Election Will not Cure the Problem**

Under Ninth Circuit law, it is sometimes permissible for the government to "elect" a theory of prosecution in an effort to alleviate a duplicitous count. *Aguilar*, 756 F.2d at 1423. In addition to concerns of prejudice to the defendant, in deciding whether to allow the government to "elect" a theory of prosecution to cure a duplicitous count, a court must be

convinced that an "election" does not impinge upon a defendant's right to presentment under the Fifth Amendment. *See id*. Here, in addition to not knowing what crime the government will attempt to prove at trial, Mr. Morales's right to presentment under the Fifth Amendment is in serious jeopardy. Unlike the situation in *Aguilar*, there is nothing in Count One of the Indictment to indicate with any type of certainty that the Grand Jury found probable cause to indict Mr. Morales on two violations of section 1542, as opposed to a single offense.[2]

## IV.

## CONCLUSION

Mr. Morales requests this Court grant his motion.

Respectfully submitted,

Dated: February 18, 2008

/s/ Robert H. Rexrode

**ROBERT H. REXRODE, III**
Attorney for Mr. Morales
robert_rexrode@rexrodelawoffices.com

---

[2]If the Court is inclined to allow the government to "elect" a theory of prosecution to cure Count One's duplicity problem, Mr. Morales requests disclosure of the Grand Jury proceedings.