**ROBERT H. REXRODE, III**
California State Bar No. 230024
427 C Street, Suite 300
San Diego, California 92101
Telephone: (619) 233-3169, Ext. 13
Facsimile: (619) 684-3553
robert_rexrode@rexrodelawoffices.com

Attorneys for Mr. Milton Morales (charged as Neri Carrasco)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE M. JAMES LORENZ**)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>MILTON MORALES,<br>charged as **NERI CARRASCO**,<br><br>Defendant. | CASE NO. 07cr3007-L<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS. |

## I.

## PROCEDURAL HISTORY

On January 14, 2008, Mr. Morales appeared before this Court for a motion hearing. At that date, the Court set Mr. Morales's case for trial on March 11, 2008, and set a motions in limine date for March 10, 2008. The Court also deferred ruling on Mr. Morales's substantive motions until the March 10 motions in limine date.

## II.

## FACTUAL HISTORY[1]

On August 27, 2007, Mr. Morales sought entry into the United States at the San Ysidro Port of Entry. In doing so, Mr. Morales presented his United States passport, in the

[1]The following facts are based on information provided by the government. Mr. Morales does not admit their accuracy and reserves the right to challenge them.

name of Milton Morales. Believing Mr. Morales to be a Mexican national, with the name Neri Carrasco, agents arrested Mr. Morales. On November 1, 2007, the government indicted Mr. Morales on one count of passport fraud, in violation of 18 U.S.C. § 1542, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A.

**III.**

**MOTION TO EXCLUDE EVIDENCE OF PRIOR ARREST**

In discovery provided by the government, there is a mention of a 2005 state arrest purportedly involving Mr. Morales. Mr. Morales moves to exclude evidence of this arrest. It is irrelevant to the charges against Mr. Morales and unduly prejudicial. *See* Fed. R. Evid. 402, 403.

Additionally, if Mr. Morales chooses to testify at his trial, questioning regarding this arrest would be improper. There is nothing to indicate that Mr. Morales suffered a conviction as a result of this arrest. Fed. R. Evid. 609. Moreover, to the degree the Court would consider inquiry on this subject if Mr. Morales testifies, Mr. Morales will invoke his Fifth Amendment right to not incriminate himself. Even if Mr. Morales testifies at this trial, his invocation of his Fifth Amendment right regarding the 2005 arrest would be proper. Fed. R. Evid. 608 (b).

**IV.**

**MOTION TO EXCLUDE EVIDENCE OF REASON FOR REFERRAL**

In discovery provided by the government, there is a mention that one of the reasons agents at the border closely inspected Mr. Morales was that he “was positive for a possible active warrant.” Mr. Morales moves to exclude evidence of this reason for the agents’ referral. It is irrelevant to the charges against Mr. Morales and unduly prejudicial. *See* Fed. R. Evid. 402, 403; *see also United States v. Dean*, 980 F.2d 1286, 1288-89 (9th Cir. 1992).

**V.**

**MOTION TO EXCLUDE EVIDENCE UNDER RULE 404(b)**

Federal Rule of Evidence 404(b) requires that the government provide “reasonable notice in advance of trial” of any evidence of “other crimes, wrongs, or acts” it plans to

introduce. Fed. R. Evid. 404(b). The notice requirement is triggered when timely requested by the defendant. *United States v. Vega*, 188 F.3d 1150, 1154 (9th Cir. 1999). Here, Mr. Morales timely requested notice of proposed 404(b) evidence in his discovery requests to the government. The government has given no notice of its intent to introduce 404(b) evidence. Accordingly, any such evidence should be excluded from this trial.

**VI.**

**MOTION FOR ATTORNEY CONDUCTED VOIR DIRE**

Under the Fifth and Sixth Amendments, and Fed. R. Crim. P. 24(a), Mr. Morales requests that his defense counsel have the opportunity to personally *voir dire* the prospective jury members. As this is not a particularly complicated case, defense counsel believes a maximum of ten minutes of attorney conducted *voir dire* sufficient.

**VII.**

**CONCLUSION**

Mr. Morales requests this Court grant his motions.

Respectfully submitted,

Dated: February 19, 2008

/s/ Robert H. Rexrode
**ROBERT H. REXRODE, III**
Attorney for Mr. Morales
robert_rexrode@rexrodelawoffices.com